UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA	CRIMINAL NO. 06-50092-01

versus	JUDGE HICKS

TARRY CORDELL LONDON	MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Defendant is charged with possession of crack cocaine with intent to distribute; possession of a firearm in relation to a drug trafficking crime; and possession of firearms by a convicted felon. Before the court is Defendant's Motion to Suppress (Doc. 22) challenging the validity of the warrant for the search of Defendant's residence which resulted in the discovery of the drugs and firearms. An evidentiary hearing was held on December 4, 2006. For the reasons that follow, it is recommended that the motion be denied.

Defendant argues that the search of his residence was unlawful because the warrant was defective and not supported by probable cause. More specifically, Defendant argues that the affidavit in support of the warrant fails to specify the identity of the informants and gives no indication of the informants' reliability. Defendant also argues that the warrant is vague in that it does not give enough detail as to the exact items to be seized or the location within the residence where the suspected items can be found. The Government argues that the warrant was sufficiently detailed and contained sufficient facts to support probable cause. In

the alternative, the Government relies on the good faith exception of United States v. Leon, 468 U.S. 897 (1984).

**Particularity of the Warrant**

The warrant and supporting affidavit do not support Defendant's arguments. The affidavit was signed by Corporal Phillip Daniels of the DeSoto Parish Sheriff's office on March 23, 2006. Judge Charles Adams of the Eleventh Judicial District Court, DeSoto Parish, Louisiana, issued the warrant that same day. The warrant authorized a search of Defendant's residence at 113 Meadows Drive, Mansfield, Louisiana, which was described in the warrant as a brown colored brick house with tan trim. The warrant further describes the residence to be searched as having an open carport on the left side of the residence; the address is marked above the door as well as on the mailbox; and the residence faces a southerly direction toward Meadows Drive. The warrant authorized a search of the residence, including: "all vehicles on premises, all persons present and their personal belongings, all storage, garage, outbuildings and locked containers and curtilage, in or above ground, all located in DeSoto Parish, Louisiana." The warrant authorized the officers to seize and secure the following: "All firearms and related paraphernalia including but not limited to bullets, magazines, documentation directly or indirectly related to the sale of any firearms or related items."

There is no question that the warrant described with particularity both the place to be searched and the person or persons or things to be seized. Maryland v. Garrison, 480 U.S. 79 (1987). As shown above, the warrant very specifically described the residence of the

Defendant and the firearm-related items which were the subject of the warrant. Thus, Defendant's argument that the warrant lacked particularity is without merit.

The fact that illegal drugs were also seized during the search for the firearms does not invalidate the warrant or the search. Police may seize evidence not identified in the warrant if the incriminating character of the evidence is immediately apparent. Horton v. California, 596 U.S. 128, 136 (1990). During the search of the residence, the police found crack cocaine packaged in a clear plastic bag stuffed down in the seat of a recliner. They immediately recognized it to be cocaine. Its seizure was lawful under Horton.

**Probable Cause**

The affidavit in support of the warrant established probable cause to authorize the search of Defendant's residence. The affidavit provides that police had been conducting an investigation for more than four months concerning Defendant's suspected distribution of crack cocaine, ecstasy and marijuana. Within the last two months, a reliable confidential informant told police that Defendant was dealing illegal drugs and always had some type of firearm in his possession. The police received an anonymous phone call on March 23, 2006 (the date of the warrant) informing police that Defendant was trading guns for crack cocaine at the subject residence. That information led police to a confidential informant who admitted to selling a firearm to Defendant at his residence within the last seventy-two hours. The confidential informant was able to give police an accurate description of Defendant's residence as well as Defendant's vehicle. A criminal history search of Defendant showed that

he had prior arrests including possession of stolen things, armed robbery, resisting arrest, distribution of crack cocaine, possession of cocaine, possession of a firearm by a convicted felon, second degree battery and operating a vehicle while intoxicated. A separate confidential informant also told police that Defendant recently made comments about law enforcement's investigation of him, and Defendant allegedly stated that he would not hesitate to kill a police officer if they tried to arrest him. Because of Defendant's status as a convicted felon, the police knew it was illegal for Defendant to possess a firearm.

When all of the information in the affidavit is taken together, there was a fair probability that contraband or evidence of a crime would be found in a particular place. Illinois v. Gates, 462 U.S. 213, 241 (1983). The police had information from (i) an anonymous tip (ii) a person who had recently sold a gun to Defendant, and (iii) a reliable confidential informant. On top of this, the police knew Defendant's criminal history and that he could not legally possess a firearm. After considering the totality of the circumstances, the court finds that Defendant's argument that the warrant is not supported by probable cause is without merit. Therefore, the court need not reach the Government's alternative argument that the good faith exception of Leon applies.

**Time of the Warrant and Search**

During the evidentiary hearing, Defendant pointed out that Cpl. Daniel's report says that he arrived at the residence to begin the search at about 4:00 p.m. Defense Ex. 2. However, the judge did not sign the search warrant until 4:55 p.m. Defense Ex. 3. Thus,

there is a discrepancy of 55 minutes between the issuance of the warrant and the search of Defendant's residence.

Bertha Dunn (Defendant's aunt) testified that she was called to the residence by Defendant's cousin and neighbor, Katina Jones, to take care of Defendant's children (who were home at the time of the search). Ms. Dunn testified that she arrived at the residence at about 4:10 or 4:15 p.m. and the police were already there. Ms. Jones and her husband both testified that they noticed the police at Defendant's residence (which is across the street from their home) around 4:00 p.m. or 4:15 p.m.

The testimony of Defendant's relatives regarding the time the police arrived is simply not credible. The evidence shows that Cpl. Daniels simply erred when he attempted to write 6:00 p.m. in "military time" and mistakenly wrote 16:00 hours (or 4:00 p.m.) to record his arrival at Defendant's residence. In fact, the evidence shows that Cpl. Daniels obtained the search warrant at 4:55 p.m., and he arrived at Defendant's residence at approximately 6:01 p.m. to begin the search. The correct time of his arrival (18:01 hours) was recorded by Cpl. Daniels on the booking sheet (Govt. Ex. 4) and in a narrative of his report (Govt. Ex. 5). There is no credible evidence that Cpl. Daniels searched Defendant's residence before the warrant was issued.

Accordingly;

**IT IS RECOMMENDED** that Defendant's Motion to Suppress (Doc. 22) be **denied.**

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Cr. P. 59(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Cr. P. 59(b)(2). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 19th day of December, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE