UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 06-50092 |
| | CIVIL ACTION NO. 08-1665 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TARRY CORDELL LONDON | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 130) filed by the Petitioner, Tarry Cordell London ("London"). London seeks an order from the Court vacating his conviction and sentence on the ground that his counsel was constitutionally ineffective. For the reasons set forth below, London's motions is **DENIED**.

## BACKGROUND

In April of 2006, after a search warrant had been executed at London's house and crack cocaine and firearms has been found on his property, a federal grand jury returned a four-count indictment against London. Count One charged London with possession with intent to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Count Two charged London with possession of a firearm in furtherance and in relation to a drug trafficking crime, in violation of 18 U.S.C. §924(c)(1)(A). Count Three charged London with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Count Four was a

forfeiture count. (Record Document 136-1 at 1).

On July 17, 2006, through his attorney, John Cucci ("Cucci"), London filed a motion to suppress the evidence seized at his residence. (Record Document 22). After a hearing on London's motion, Magistrate Judge Mark Hornsby recommended that the motion be denied. (Record Document 41). The Court adopted that recommendation and denied London's motion to suppress. (Record Document 42).

On March 5, 2007, the Court held a change of plea hearing where London pled guilty to Counts One and Two of the indictment. (Record Document 54). London reserved the right to appeal the Court's ruling on the motion to suppress. See id. Also on March 5, 2007, but prior to the change of plea hearing, the United States filed a notice of prior narcotics conviction under 21 U.S.C. § 851.

On May 10, 2007, at the request of London, Cucci was relieved from further responsibility and the Federal Public Defenders Office was appointed to represent London. (Record Document 81). In June of 2007, Larry English ("English") enrolled as London's counsel of record. (Record Document 86). English filed a motion for a new hearing regarding the motion to suppress and a motion to withdraw London's guilty plea. (Record Documents 92 and 94).The Court denied both of these motions. (Record Documents 93 and 97). The Court also denied motions to reconsider its rulings. (Record Document 102).

On November 7, 2007, London was sentenced to 120 months of imprisonment as to Count One and 60 months of imprisonment as to Count Two. (Record Document 103). Count Two's sentence was to run consecutively to Count One. Finally, on May 18, 2009, the United States Fifth Circuit affirmed London's conviction and sentence. See United

States v. London, No. 07-31092 (5th Cir. May 18, 2009).

## LAW AND ANALYSIS

After conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting U.S. v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post conviction collateral attacks. To the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-65, 102 S.Ct. at 1593. Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. See Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a defendant has issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time on collateral review, a defendant must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Id. at 168. To establish "cause," a defendant must show some external impediment prevented him from raising the claim on direct

appeal. See U.S. v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

A narrow exception to the "cause and actual prejudice" requirement exists in extraordinary cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 232. The Supreme Court has emphasized that this exception is limited to only those cases involving "manifest miscarriages of justice" that would result in the continued incarceration of an innocent person. Id., citing Smith v. Murray, 477 U.S. 527, 537, 106 S.Ct. 2661, 2649 (1986).

London only raises two challenges to his guilty plea and sentencing. First, London accuses his counsel, Cucci, of being ineffective in the plea stage of his prosecution. Second, London accuses his second attorney, English, of ineffective assistance when he failed to "present argument for the consolidation of prior offenses under the newly amended guidelines." (Record Document 130 at 13).

**I.    Ineffective Assistance of Counsel.**

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693, 155 L.Ed. 2d 714 (2003). This "procedural-default rule is neither a statutory nor constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. at 503. Requiring

a criminal defendant to bring claims of ineffective assistance of counsel on a direct appeal does not promote these objectives.  Id. A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations.  United States v. Alanis, 88 Fed. Appx. 15, 19 (5th Cir. 2004).  Thus, a criminal defendant is permitted to bring ineffective assistance of counsel claims in a collateral proceeding under §2255, regardless of whether such claims could have been raised on direct appeal.  Id.

"The standard for determining the effectiveness of counsel during a guilty plea proceeding is the two-prong test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994). To prevail on claims of ineffective assistance of counsel, London must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial.  See Strickland v. Washington, 466 U.S. 668 (1984); Bryant v. Scott, 28 F. 2d 1411, 1414-15 (5th Cir. 1994).  Under the first prong of the Strickland analysis, London must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland, 466 U.S. at 687.  The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy.  The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance."  Id., 466 U.S. at 690, 104 S. Ct. At 2066.

Under the second prong of the Strickland test, London must show "that there is a

reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F. 2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability to undermine confidence in the outcome." Strickland, 466 U.S. at 690, 104 S. Ct. At 2066. London must demonstrate that the attorney's actions "were so serious as to render the proceeding unreliable and fundamentally unfair." United States v. Saenz-Forero, 27 F. 3d 1016 1021 (5th Cir. 1994) citing Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). "To meet the prejudice prong, the defendants must affirmatively prove, and not merely allege, prejudice. Thus, '[e]ven where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary. In such a case there is 'no actual and substantial disadvantage' to the defense.' " DeVille v. Whitley, 21 F.3d at 659 (citations omitted).

If London fails to establish either prong of the Strickland test, his claim of ineffective assistance of counsel must be denied. See Tucker v. Johnson, 115 F. 3d 276, 280 (5th Cir. 1997); Bryant v. Scott, 28 F. 3d 1411, 1415 (5th Cir. 1994); Williams v. Collins, 16 F. 3d 626, 631 (5th Cir. 1994).

**a. Ineffective Counsel at Plea Proceedings**

London claims his counsel, Cucci, was ineffective a the plea stage of his prosecution. Under DeVille, as long as London's guilty plea was voluntary, there is no actual and substantial disadvantage to the defense. London's plea agreement, which he signed, states that the agreement "is entered into freely, knowingly, and voluntarily with no threats or coercion, after due consultation with counsel." (Record Document 56). Further, the Court specifically found the guilty plea to be voluntary when London requested to

withdraw it before sentencing. (Record Document 97).[1] Therefore, this claim has no merit as London voluntarily plead guilty.

Regardless of the barrier London faces through <u>Deville</u>, he still cannot prevail on this claim. London claims that his attorney was ineffective for failing to advise him of the proper sentencing range. He claims his attorney told him the range was ten years to life when it was actually five years to forty years. He claims his proper sentencing guideline is five years to forty years because the United States' notice of prior narcotics conviction under 21 U.S.C. § 851 was invalid. London claims that since he signed his plea agreement before the United States gave the §851 notice, the notice is not valid. (Record Document 130 at 6). However, a simple reading of the statute shows that notice must be prior to the "entry of a plea of guilty," not the signing of the plea agreement.[2]

Further, London asserts the notice was invalid because the date was incorrect for one of his convictions. However, before the guilty plea was taken, the date was corrected

---

[1]Specifically, the Court found as follows: "Defendant pled guilty on March 5, 2007. [Doc. Nos. 54, 56]. During the Rule 11 hearing, the defendant testified, under penalty of perjury, that he had had enough time to discuss his case in full with Cucci and was satisfied with Cucci's representation of his interests. He testified that he understood the charges against him and the potential consequences of his guilty plea. He testified that he had graduated from high school and completed two and a half years of college. The defendant testified that he was pleading guilty because he was, in fact, guilty. At the conclusion of a lengthy colloquy, this Court found that the defendant's waiver of his rights was knowing and voluntary and his guilty." (Record Document 97).

[2]"No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, *or before entry of a plea of guilty*, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 18 U.S.C. §851(a)(1) (Court's emphasis).

and the Court even noted that it was merely a "technical issue" and not one of substance as to the convictions themselves. (Record Document 136-1 at 10). Therefore, the actions of London's attorney to advise him that the §851 notice was valid cannot be said to be ineffective as it was the correct advice.

London finally argues that he was "not properly informed during the plea process." (Record Document 130 at 9). London states that "[c]ounsel did not advise London on the specifics of the agreement[ ] and counsel failed to explain[ ] the 851 notice provisions." It appears London is again asserting that his counsel's advice was deficient regarding the §851 notice. However, as the Court has already held, the §851 notice was not deficient and Cucci's advise was, likewise, not deficient. Further, at the guilty plea, the Court asked London, "And you recognize that there is a prior conviction in your background that forms the basis of this agreement as well?" and London responded "Yes, Sir." Statements made "in open court during a plea hearing 'carry a strong presumption of verity.' " United States v. Martinez-Molina, 64 F.3d 719, 733 (5th Cir. 1995). Further, London's plea agreement specifically states that "Defendant understands and acknowledges that by virtue of his admission to the Information and Notice of Prior Narcotics Convictions, the maximum punishment in Count 1 is increased to a term of imprisonment of not less than 10 years or more than life." (Record Document 56 at 2).

Based on the showing made by London, there is no evidence that would suggest that his attorney's actions were deficient and that absent his attorney's actions, he would not have pled guilty. Therefore, the Court finds that London's counsel was not ineffective during London's pleading of guilty.

**b. Ineffective Counsel at Sentencing**

London claims that his counsel at sentencing, English, was ineffective because he did not argue for the consolidation of "offenses that are similar" in London's presentence report ("PSR"). (Record Document 130 at 13). However, London admits that this challenge does not affect his sentencing guideline range but claims it has prejudiced him in his dealings with the Bureau of Prisons. See id.

"A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255." United States v. Coleman, 2002 WL 1758179, *2 (N.D. Tx. July 26, 2010) (citing United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994)). The defendant in Coleman brought an ineffective assistance claim for his attorney's failing to object to the application of the sentencing guidelines. The court found that "Petitioner raises these claims under the guise that his trial counsel provided ineffective assistance at sentencing; however, his petition and reply are no more than an attempt to convince the Court that the trial court erred in the guideline calculations." See id. Likewise, London's accusation that his counsel was ineffective is merely an attempt to escape the procedural bar set out in Segler and, therefore, is not cognizable under §2255.

Even if this were not the case, in order to prevail, it is London's burden under Strickland to prove that English's representation fell below an objective standard of reasonableness and that the performance prejudiced his defense. London alleges that three paragraphs of his PSR should be excluded under the United States Sentencing Guidelines. The first paragraph, paragraph 33, states that London was arrested and pled guilty to possession of cocaine in 1995. The second paragraph, paragraph 36, states that London was arrested and pled guilty to second degree battery in 1995. Finally, the third

paragraph, paragraph 39, states that London pled guilty to driving while intoxicated in 2002. London alleges paragraphs 33 and 36 should be excluded because the sentencing guidelines "state[ ] that offense[s,] which were consolidated for the purposes of sentencing in an earl[ier] proceeding should not be counted."(Record Document 130 at 14) He gives no argument as to why paragraph 39 should be excluded.

London correctly states that he was sentenced for both the possession of cocaine charge and the second degree battery charge on the same day, July 7, 1995. However, he was arrested on January 10, 1995 for the possession of cocaine charge and arrested February 4, 1995 for the second degree battery charge. The United States Sentencing Guidelines state:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

U.S.S.G. § 4A1.2(a)(2). The PSR does not state when the second offense was committed. However, it does show that London was arrested for possession of cocaine before he was arrested for second degree battery. Based on the record currently before the Court, London has failed to provide any evidence that he committed the second degree battery before his arrest for the possession of cocaine. Therefore, London has failed to establish that the guideline are, in fact, incorrect. Without *at least* establishing that the guidelines are incorrect, English's representation cannot be said to have been ineffective.

As to the claim of prejudice, the Court is unaware of, nor does London supply, any authority that states that the failure to enroll in a rehabilitation program prejudices a defendant as required per Strickland. Strickland states that "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." United States v. Strickland, 466 U.S. at 694. When the Fifth Circuit discussed consolidation of the two convictions, the court stated "London cannot establish that any error substantially affected his rights." United States v. London, No. 07-31092 (5th Cir. May 18, 2009). London admits that even if English had objected to the failure to consolidate the two offenses, and the Court sustained that objection, the proceeding would not have been any different. His only challenge comes from his inability to enroll in rehabilitation programs. Therefore, London cannot establish prejudice as required under Strickland.

London's claim is not cognizable in a §2255 motion as it is merely an attempt to circumvent the procedural bar for challenging the Court's use of the guidelines. However, even if that were not the case, based on the record before the Court, London has not met his burden to show that English was ineffective as London cannot show that the guidelines are, in fact, incorrect. Finally, even if the two aforementioned convictions were consolidated, the Court was still bound by the ten year statutory minimum. Even if English had objected, the proceedings would have been exactly the same and therefore London has not shown prejudice as contemplated by Strickland.

## CONCLUSION

The Court finds that London's counsel were not ineffective under <u>Strickland</u> at either the plea or the sentencing stage of London's prosecution.

Accordingly,

**IT IS ORDERED** that London's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 130) be and hereby is **DENIED WITH PREJUDICE**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 31st day of May, 2012.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE